CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 0 6 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| NATHAN WILSON, )<br>Plaintiff, ) | Civil Action No. 7:05cv00731 |
| )<br>v. )<br>) | **MEMORANDUM OPINION** |
| VIRGINIA DEPARTMENT OF )<br>CORRECTIONS, )<br>Defendant. )<br>) | By: Samuel G. Wilson<br>United States District Judge |

Plaintiff Nathan Wilson, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Wilson alleges that prison employees at Wallens Ridge State Prison ("WRSP") are interfering with his ability to use the prison grievance system and that prison officials refuse to respond to his grievances. Wilson seeks declaratory relief and monetary damages. The court finds that Wilson's complaint fails to state a claim upon which the court may grant relief and, therefore, dismisses the suit pursuant to 28 U.S.C. § 1915A(b)(1), which allows dismissal of a prisoner suit if it is clear from the complaint that the plaintiff is not entitled to relief.[1]

I.

Wilson alleges that on October 29, 2005, he attempted to send an institutional grievance to the WRSP grievance department via certified mail. He claims that, though mail room personnel accepted the certified letter for mailing, they did not actually send it via certified mail to the WRSP grievance department. Rather, Wilson claims that the mail room either routed the mail through the

---

[1] Further, the Virginia Department of Corrections is not a "person" and therefore, is not a proper defendant in a §1983 action. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). However, even if the court granted Wilson an opportunity to amend to name proper defendants, his claims would still fail for the reasons stated herein.

institutional mail system or lost it altogether. Wilson claims that prison employees purposefully mishandled his grievance in order to prevent him from exhausting his administrative remedies.

## II.

"The Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Accordingly, Wilson's claims are not of constitutional magnitude, and, because Wilson has failed to allege the violation of a right guaranteed by the Constitution or other laws, his claims are not cognizable under § 1983.

## III.

For the reasons stated herein, the court dismisses Wilson's claims pursuant to § 1915A(b)(1) for failure to state a claim upon which the court may grant relief.

**ENTER:** This 6th day of December, 2005.

UNITED STATES DISTRICT JUDGE